UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:09-CV-00061-KKC

DANNY RAY GOFF                                                          PETITIONER

v.                              **OPINION AND ORDER**

JOHN MOTLEY                                                            RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on a motion to dismiss filed by Respondent John Motley ("Respondent").  Rec. 5.  Respondent seeks dismissal of a petition for writ of habeas corpus filed by Petitioner Danny Ray Goff ("Goff") pursuant to 28 U.S.C. § 2254.  Rec. 1.  The petition challenges the denial of credit for time Goff served in the Pike County Detention Center prior to his conviction in Pike Circuit Court.  Respondent asserts that the petition is successive and should be dismissed.  On January 19, 2010, a Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the motion to dismiss be denied.  Rec. 8. Respondent timely filed written objections to the Magistrate's R&R and has renewed his motion to dismiss.  Rec. 9, 10.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has made a *de novo* determination of those portions of the report to which objection is made.  For the reasons stated below, this matter is transferred to the Sixth Circuit Court of Appeals.

## I.    FACTUAL BACKGROUND

On December 19, 1996, Goff was convicted of two counts of incest in the Pike Circuit

Court and sentenced to twenty years in prison.  Rec. 1 at 1.  Goff appealed the conviction to the Kentucky Supreme Court which denied the appeal.  *Id.* at 2.  On April 30, 1999, Goff filed a motion asking the Pike Circuit Court to vacate, set aside or correct his sentence pursuant to Kentucky Criminal Procedure Rule 11.42 alleging ineffective assistance of counsel during the initial state court proceedings.  The Pike Circuit Court denied the motion and the Kentucky Court of Appeals affirmed.  However, the Kentucky Supreme Court remanded the matter to the Kentucky Court of Appeals for further consideration.  On remand, the Court of Appeals affirmed its denial of Goff's Rule 11.42 motion and the Kentucky Supreme Court denied a request for review.

## A. Goff's First Petition for Writ of Habeas Corpus

On January 27, 2005, Goff filed his first petition for habeas corpus relief in federal court pursuant to 28 U.S.C. § 2254.  Rec. 5, App'x at 3.  The petition raised several claims of ineffective assistance of counsel arguing that his attorney in the state court action failed to: (1) cross examine the victim's mother about the victim's potential motives to lie; (2) object to hearsay testimony, evidence of other crimes and improper bolstering; (3) object to the playing of prior testimony for the jury; and (4) obtain copies of witness interviews and request a taint hearing prior to trial.  *Id.* at 7.  On October 3, 2005, the district court denied the petition finding that Goff's ineffective assistance of counsel claims were fully adjudicated in state court and that he failed to establish that the state court's decision was contrary to, or involved an unreasonable application of clearly established federal law.  *Id.* at 20-29.  The Sixth Circuit Court of Appeals declined the request for a certificate of appealability because Goff failed to make a substantial showing that a federal constitutional right was denied in state court.  *Id.* at 30-31.

2

**B. Goff's Second Petition for Writ of Habeas Corpus**

On May 4, 2009, Goff filed a second petition for a writ of habeas corpus regarding the

same state court conviction previously challenged.   However, in the second petition, Goff asserts

that he was not properly credited for time he spent in the Pike County Detention Center prior to

his conviction on the state court incest charges.  Rec. 1 at 5.  Specifically, he asserts that:

> I was locked up in the Pike County Detention Center on charges of incest...from August
> 20, 1996 to April 29, 1997 prior to the conviction, the trial court only credited me with
> part of the Jail Time, denying me three months and ten days, which if all jail time and
> other credits were applied to my sentence I would have been released on April 4th, 2009
> as having served out my entire sentence of twenty years.

*Id.*

**1. Respondent's Motion to Dismiss and the Magistrate's R&R**

On December 11, 2009, Respondent filed a motion to dismiss, relying on 28 U.S.C. §

2244(b)(3)(A).  Rec. 5.  Under that section, claims presented in a second or successive petition

for writ of habeas corpus must be dismissed unless a petitioner moves the appropriate courts of

appeals for an order authorizing a district court's consideration of the petition.  Respondent

claims that because Goff never sought or obtained permission from the Sixth Circuit Court of

Appeals to file the second petition, this Court lacks jurisdiction and should grant the motion to

dismiss.

On January 19, 2010, a Magistrate issued a R&R recommending that Respondent's

motion to dismiss be denied.  Rec. 8.  The Magistrate determined that the second petition was not

successive because it raised different arguments than the previous petition.  According to the

Magistrate's opinion, a petition is successive only if it raises identical grounds to those raised and

rejected on the merits in a prior petition.  In support of this interpretation of section

3

2244(b)(3)(A), the Magistrate relied on the Sixth Circuit's opinion in *Rosales-Garcia v. Holland*, 322 F.3d 386, 398 (6th Cir. 2003)(quoting *Schlup v. Delo*, 513 U.S. 298, 318 n.34(1995)).

## 2. Respondent's Objections to the R&R

Respondent objects to the R&R contending that the Magistrate Judge misinterpreted 28 U.S.C. § 2244(b) and the Sixth Circuit's decision in *Rosales-Garcia v. Holland*. 323 F.3d 386. *Rosales-Garcia* involved a petitioner's challenge under 28 U.S.C. § 2241 to his detention by immigration and did not involve a challenge to confinement pursuant to a state or federal criminal conviction under 28 U.S.C. § 2244(b). Initially, Respondent notes that the successive petition requirements of 28 U.S.C. § 2244(b) do not apply to criminal aliens challenging the propriety of their detention in habeas corpus proceedings brought under 28 U.S.C. § 2241. Further, Respondent directs the Court's attention to the Sixth Circuit's opinion in *Rosales-Garcia*, where the Court explained that:

> the Supreme Court recently reiterated that § 2241 is the appropriate means for an alien to challenge his detention by the INS. Under AEDPA, there are strict gatekeeping provisions restricting the ability of federal courts to hear successive habeas petitions. By their own terms, however, these provisions do not apply to petitioners like Carballo who are not in custody pursuant to a conviction in state or federal court. In *Barapin*, the Ninth Circuit explained that § 2244(a) cannot apply to a § 2241 petition filed by an INS detainee such as Barapin because § 2244(a) bars successive petitions seeking review of the propriety of a detention pursuant to a judgment of a court of the United States. Because § 2244(b) makes no reference to habeas petitions filed under § 2241, but rather applies only to petitions filed pursuant to 28 U.S.C. § 2254, the prior-appellate-review provisions of § 2244(b) do not apply to habeas petitions filed under § 2241.

*Rosales-Garcia v. Holland*, 323 F.3d 386, 398-99 (6th Cir. 2003)(internal citations and quotations omitted).

Respondent also asserts that contrary to the Magistrate's R&R, the plain language of 28 U.S.C. § 2244(b) clearly prohibits successive petitions where identical claims have been

presented in a prior petition and also where a new claim should have been presented in a previous

petition.  This interpretation is consistent with the Sixth Circuit's holding that a second petition

is successive if the first petition was decided on the merits and the second  "raises a claim that

could have been raised in the first petition but was not so raised, either due to deliberate

abandonment or inexcusable neglect."  *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

Accordingly, Respondent argues that the Magistrate's R&R should be overruled and the motion

to dismiss should be granted.

## II.    SUCCESSIVE PETITION

Petitioner filed the instant habeas corpus petition on May 4, 2009, well after the 1996

effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and therefore the

provisions of that Act apply to this case.  *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct.

2059, 138 L. Ed. 2d 481 (1997); *Frazier v. Huffman*, 343 F.3d 780, 787 (6t Cir. 2003), *opinion

altered on denial of reh'g*, 348 F.3d 174 (2003), *cert. denied*, 541 U.S. 1095, 124 S. Ct. 2815,

159 L. Ed. 2d 261 (2004).

Under section 2244, "[a] claim presented in a second or successive habeas corpus

application under section 2254...that was presented in a prior application shall be dismissed."

That section does not apply in this case because Goff's second petition presents different claims

than his previous petition.  However, claims presented in second or successive petitions under

section 2254 that were not presented in a previous petition should also be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made
> retroactive to cases on collateral review by the Supreme Court, that was previously
> unavailable; or

> (B) (i) the factual predicates for the claim could not have been discovered previously

through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).  It is clear that Goff's claims of ineffective assistance of counsel which were raised in the previous petition were reviewed and rejected on the merits.  Further, the issue present by the instant petition - whether Goff is entitled to credit for time he served in pretrial detention - was one that was or should have been known to him at the time the previous petition was filed.  *McCrary v. Scott,* 27 F.3d 181, 183 (5th Cir. 1994).

Under 28 U.S.C. § 2244(b)(3)(a), "[b]efore a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Here, Goff should have sought authorization from the Sixth Circuit prior to filing the instant petition.  However, he failed to do so.  The Sixth Circuit has held that where a second or successive habeas petition is filed without its authorization, "the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  As a result, this Court will transfer this petition to the Sixth Circuit Court of Appeals.

## III.    CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)    The Magistrate Judge's report and recommendation (Rec. 8) is **NOT ADOPTED;**

(2)    Respondent's objections to the report and recommendation are **SUSTAINED in part** to the extent that the petition is successive;

(3)      The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is
         **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §
         1631.

Dated this 16th day of March, 2010.

**Signed By:**

_**Karen K. Caldwell**_

**United States District Judge**